## Dyer v. Webster & al. & Tr.

*In foreign attachment the rights of one claiming, in opposition to the debtor, effects in the hands of the trustee, will not be considered without his being made a party.*

FOREIGN ATTACHMENT. It appeared by the disclosure of the trustee in this case, which was taken before a commissioner, upon due notice to the parties, and to Francis Russell, January 6, 1845; that on the 25th day of March, 1841, he took of Nathaniel Abbott and Zara Cutler a lease for five years of the Ethan A. Crawford place, in Nash & Sawyer's Location, for which he was to pay, on the 28th of August, in each year, the annual rent of $300. Duplicates of said lease were made, the lessors retaining one, and the trustee the other.

On the 28th of August, 1842, Daniel Burnham, one of the defendants, presented to the trustee the duplicate which had been given to the lessors, on which was an assignment from them to said Burnham, and demanded the rent then due, which the trustee paid. On the 22d of May, 1843, he was summoned as trustee in this action. On the 28th of August, 1843, another payment of $300 fell due, which has not been paid to any one.

On the 21st of August, 1844, Burnham assigned said lease to one Francis Russell, who, on the 31st of said

August, demanded by his agent the year's rent, falling due on the 28th of August, 1844. This the trustee did not pay, nor has he paid any thing since the first year's rent, but has continued to occupy the premises. He discloses that he is ready to pay whenever the court shall decide to whom he is liable.

*Christie,* and *Fessenden,* for the plaintiff.

*Bartlett,* and *J. Eastman,* for the trustee.

GILCHRIST, J. The party summoned as trustee took a lease of an estate from Abbott & Cutler, who appear to have assigned their interest to one of the defendants. If there be no dispute upon this point, then the tenant would be liable to pay the rent to the defendant, that accrued after that assignment, and until the defendant assigned over to Russell. Whether there has been such an assignment, the court cannot proceed to inquire, without an opportunity being afforded Russell to be heard.

The law has made provision for cases like the present, so as to enable the court to give judgment against the trustee, without prejudice to absent parties, or for him, without injustice to those before the court.

The Revised Statutes, chapter 208, section 22, provide that, "if any person shall claim any money, goods, chattels, rights or credits, or other property in the hands of any supposed trustee, by assignment from the debtor, or otherwise, the court may permit or cause him to appear and maintain his right."

The party claiming the rent in this case, not having been summoned in for the purpose provided by the statute, the question is not ripe for decision, and the case must be discharged.

*Case discharged.*